UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH DRIES,

          Plaintiff,

    v.

SPRINKLR, INC., a Delaware corporation.,

          Defendant.

Case No. C20-47-MLP

ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant Sprinklr, Inc.'s ("Defendant") "Motion to Strike Request for Exemplary Damages and to Bifurcate Liability and Damages" ("Defendant's Motion"). (Def.'s Mot. (Dkt. # 92).) Plaintiff Joseph Dries ("Plaintiff") opposes Defendant's Motion (Pl.'s Resp. (dkt. # 106), and Defendant submitted a reply (Def.'s Reply (dkt. # 111)). Having considered the parties' submissions, the balance of the record, and the governing law, the Court hereby orders that Defendant's Motion (dkt. # 92) is DENIED, as explained further below.

## II. BACKGROUND

The parties are familiar with the facts in this case and this Court has previously laid out the background in detail in its Order on Defendant's Motion for Summary Judgment. (*See* Order

ORDER - 1

(Dkt. # 61) at 2-7.) Plaintiff's remaining claims after summary judgment assert claims for: (1) wrongful discharge, in violation of public policy; and (2) violations of the Washington Wage Payment Act (RCW 49.48) and Wage Rebate Act (RCW 49.52.050). (*Id.* at 21.) Relevant to the instant matter, Plaintiff's complaint included a request for exemplary damages pursuant to his Wage Rebate Act claim. (Pl.'s Compl. (Dkt. # 1-1) at 20.)

Defendant's Motion requests that the Court strike Plaintiff's exemplary damages request as a matter of law, pursuant to Federal Rule of Civil Procedure 12(f), because a "bona fide dispute" exists regarding the alleged unpaid wages.[1] (Def.'s Mot. at 1, 3-5.) Defendant's Motion additionally requests that the Court bifurcate the upcoming trial in this case into a liability phase and a damages phase, tried to the same jury, to expedite the presentation of evidence and to prevent unfair prejudice under Federal Rule of Civil Procedure 42(b). (*Id.* at 1, 5-8.) Defendant argues bifurcating the issue of Defendant's willfulness is appropriate because allowing evidence of Sprinklr's financial condition before a determination it wrongfully withheld wages will unfairly prejudice Sprinklr. (*Id.* at 6-7.) Defendant additionally argues bifurcation allows for more efficiency in this case because, should Plaintiff fail to carry his burden of proof on liability,

---

[1] Defendant additionally raises in its reply brief that the Court should exclude all evidence of Sprinklr's wealth because the exemplary damages authorized under RCW 49.52.070 are distinct from traditional punitive damages. (Def.'s Reply at 6-7.) Defendant notes it agrees with Plaintiff's assertion in his response that exemplary damages under RCW 49.52.070 do not turn on Sprinklr's financial condition (*see* Pl.'s Resp. at 13), and therefore, allowing testimony regarding Sprinklr's financial condition would be unfairly prejudicial to its defense. (Def.'s Reply at 6-7.) Nevertheless, Defendant failed to raise an issue regarding the exclusion of wealth evidence in its Motion, and instead, raised this issue for the first time in its reply brief. Therefore, the Court declines to address it at this time. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

Defendant requested in its Contested Motions in Limine (dkt. # 99) that evidence or argument regarding Sprinklr's wealth, size, and/or geographical locations be excluded pursuant to Federal Rules of Evidence 401, 402, and 403. (*Id.* at 13-14.) Consequently, the Court will address this issue with the parties in settling motions in limine at the pretrial conference on March 3, 2021.

ORDER - 2

there is no need for presentation of evidence from the three expert witnesses retained by the parties concerning Plaintiff's economic damages. (*Id.* at 7-8.)

Plaintiff counters that Defendant's request to strike exemplary damages is an untimely motion for partial summary judgment, and therefore, the relief cannot be granted through a Rule 12(f) motion. (Pl.'s Resp. at 2, 8-10.) In the alternative, Plaintiff argues Defendant cannot demonstrate a "bona fide dispute" existed because Defendant acted arbitrarily and unreasonably in withholding a commission from Plaintiff on the Microsoft renewal and that the issue remains a question of fact for the jury. (*Id.* at 2-3, 10-12.) Plaintiff additionally argues bifurcation is unnecessary in this matter because it would only create unnecessary delay, inefficiency, and inconvenience in the upcoming remote jury trial and because Defendant has no risk of undue prejudice based on Plaintiff's request for exemplary damages. (*Id.* at 3, 12-13.)

### III.  DISCUSSION

#### A.  Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citations omitted). Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystem, Inc.*, 758 F.Supp.1335, 1339 (N.D. Cal. 1991).

The Ninth Circuit has previously held that "Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Whittlestone, Inc.*, 618 F.3d

ORDER - 3

at 974-75 (quoting *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977)). In *Whittlestone*, the defendant in that case argued plaintiff's claims for lost profits and consequential damages should be stricken from the complaint under Rule 12(f) because such damages were precluded as a matter of law. *Whittlestone*, 618 F.3d at 973. The Ninth Circuit initially determined plaintiff's claim for lost profits and consequential damages were not an insufficient defense, redundant, immaterial, impertinent, or scandalous in order to fall under the purview of Rule 12(f). *Id.* at 973-74. As such, the Ninth Circuit found defendant's Rule 12(f) motion was really an attempt to have certain portions of plaintiff's complaint dismissed or to obtain summary judgment against plaintiff as to those portions of the suit. *Id.* The Ninth Circuit therefore reasoned that "[w]ere we to read [Rule] 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of the pleadings . . ., we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Id.* at 974. Consequently, the Ninth Circuit held Rule 12(f) does not allow courts to strike claims for damages on the basis that the claims are precluded as a matter of law. *Id.* at 974-75.

In this case, Defendant fails to demonstrate, or argue, the exemplary damages request contained in Plaintiff's complaint contains an insufficient defense or any redundant, immaterial, impertinent or scandalous matter under Rule 12(f). (*See* Def.'s Mot. at 3-5.) Instead, Defendant requests the Court to find—as a matter of law—that Dries cannot prove any set of facts that would entitle him to an award of exemplary damages because a "bona fide dispute" exists as to whether Dries was owed a commission. (*Id.*) But as clearly articulated by the Ninth Circuit, Rule 12(f) is the improper vehicle to bring such a request because Rule 12(b)(6) and/or a motion for summary judgment serve the same purpose. *See Whittlestone*, 618 F.3d at 974; *Yamamoto*, 564

ORDER - 4

F.2d at 1327. Defendant previously filed a motion for summary judgment in this case that failed to raise an issue as to Plaintiff's exemplary damage request. (*See* dkt. # 35.) In addition, the dispositive motion deadline in this case expired on November 23, 2020. (*See* dkt. # 16.)

      Furthermore, the Court finds Defendant's cited authority for striking the exemplary damages claim by use of a Rule 12(f) motion is unavailing. In Defendant's cited authority, the courts in those cases considered requests to strike punitive damages claims, where punitive damages were clearly not authorized by statute, and generally did so in consideration with a motion to dismiss or by converting a Rule 12(f) motion into a motion to dismiss. *See Omelin v. Hansen Bev. Co.*, 2018 WL 8921829, at *7 (W.D. Wash. Mar. 6, 2018) (striking request for punitive damages under Rule 12(f) as insufficient because punitive damages were not authorized by applicable statute in consideration of motions to dismiss); *Johnson v. Napa Valley Wine Train, Inc.*, 2016 WL 493229, at *13 (N.D. Cal. Feb. 9, 2016) ("Having reviewed the authority in the Ninth Circuit, the Court finds that the proper method for rejecting plaintiffs' claims for tort and punitive damages . . . is to construe defendants' motion to strike as an incorrectly labeled motion to dismiss, and dismiss the offending damages . . . ."); *I.R. ex rel. Nava v. City of Fresno*, 2012 WL 3879974, at *2 (E.D. Cal. Sept. 6, 2012) (striking request for punitive damages as to public entity defendants based on stipulation of the parties due to unavailability of punitive damages under applicable statute); *Garcia v. M-F Athletic Co., Inc.*, 2012 WL 531008, at *4 (E.D. Cal. Feb. 17, 2012) (striking a request for punitive damages under Rule 12(f) in consideration of motion to dismiss). RCW 49.52 clearly authorizes exemplary damages—and not traditional punitive damages—and whether Defendant willfully withheld wages pursuant to RCW 49.52.050 remains a question of fact for the jury to decide in this case. *See* RCW 49.52.070 ("Any employer and any officer . . . who shall violate any of the provisions of RCW

ORDER - 5

49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees . . . ."). Moreover, as noted previously, the time to file a motion to dismiss has since expired. (*See* dkt. # 16.) Accordingly, Defendant's motion to strike exemplary damages is denied.

### B. Motion to Bifurcate

Federal Rule of Civil Procedure 42(b) grants courts the authority to "order a separate trial of one or more separate issues" and that the court may do so to achieve "convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed R. Civ. P. 42(b); *see Boone v. City of Los Angeles*, 522 F.App'x 402, 403 (9th Cir. 2013) ("Rule 42(b) authorizes district courts to bifurcate a trial for any one of the following reasons: (1) "convenience," (2) "to avoid prejudice," or (3) "to expedite and economize.").

The decision to bifurcate is in the sound discretion of the court. *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). Bifurcation is appropriate when it simplifies the issues for the jury and avoids the danger of unnecessary jury confusion. *Id.* However, separate trials are the exception, not the rule. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); *see also Karpenski v. Am. Gen. Life Companies, LLC*, 916 F.Supp.2d 1188, 1190 (W.D. Wash. 2012) ("Bifurcation is typically reserved for situations in which resolution of a single claim or issue could be dispositive of the entire case."). The moving party has the burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties. *Karpenski*, 916 F.Supp.2d at 1190 (citing *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

Here, Defendant has failed to meet its burden to demonstrate that bifurcation is warranted in this case. *See Karpenski*, 916 F.Supp.2d at 1190. The Court fails to discern any convenience or efficiencies gained by bifurcating a separate damages phase from a liability phase. Though the three expert witnesses' testimony on Plaintiff's economic damages would not be needed should the jury return a defense verdict during a liability phase, the parties, counsel, Court personnel, the jury, and any witnesseses relevant to Plaintiff's sought non-economic damages under his wrongful termination claim would all need to return to attend a second damages phase. That inconvenience can be avoided by trying Plaintiff's claims together with his request for damages in the first instance. *See Spectra-Physics Lasers*, 144 F.R.D. at 101 ("The court finds that logic dictates that holding two trials, as opposed to one, will inevitably cause delay in resolution of the instant case."). The Court additionally finds that bifurcating the issue of damages will not serve the convenience of the witnesses nor promote judicial economy because of the overlapping factual nature of Plaintiff's claims, testimony, and the evidence with Plaintiff's sought non-economic damages. (*See* Pl.'s Compl. at 20.)

Furthermore, trying Plaintiff's claims together with his request for exemplary damages does not appear to be unduly prejudicial to Defendant because, as previously discussed above, there is a significant distinction between the exemplary damages authorized under RCW 49.52.070 from traditional punitive damages. The exemplary damages authorized under RCW 49.52.070 requires the doubling of damages for wages allegedly witheld from a plaintiff, together with costs of suit and a reasonable sum for attorney's fees, due to a defendant's willfulness under RCW 49.52.050 and does not take into account the defendant's financial condition. *See* RCW 49.52.050; 49.52.070. Bifurcation is also not the only means by which the Court can guard against a risk of prejudice to Defendant as the Court can instruct the jury to

disregard evidence of Sprinklr's financial condition for one purpose, while considering it for another, and/or exclude evidence of it entirely if warranted. Finally, trying Plaintiff's case in two separate phases risks unnecesary juror confusion because of Plaintiff's request for non-economic damages. *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir. 1989) (finding bifurcation improper where emotional distress issues concerning liabilty and damages are entwined such that separating them would create juror confusion and uncertainty). Accordingly, the Court concludes bifurcation is not necessary to avoid prejudice to Defendant and that Defendant's proposed procedure would likely increase inefficiencies and inconvenience for the parties and the Court.

## IV.   CONCLUSION

For the foregoing reasons, the Court orders that Defendant's Motion (dkt. # 92) is DENIED. The Clerk is directed to send copies of this Order to the parties.

Dated this 11th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8