UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH DRIES,<br><br>               Plaintiff,<br><br>       v.<br><br>SPRINKLR, INC., a Delaware corporation,<br><br>               Defendant. | Case No. C20-47-MLP<br><br>ORDER RE: CONTESTED MOTIONS IN LIMINE |

This matter is before the Court on Plaintiff's Motions in Limine (dkt. # 101) and Defendant's Motions in Limine (dkt. # 99). On March 3, 2021, the Court heard oral argument from the parties. (Dkt. # 130.)

Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, the Court ORDERS that: (1) Plaintiff's Motions in Limine (dkt. # 101) are GRANTED in part and DENIED in part; and (2) Defendant's Motions in Limine (dkt. # 99) are GRANTED in part, DENIED in part, and RESERVED in part, for the reasons previously stated on the record (dkt. # 130) and are memorialized as follows:

\\

\\

ORDER RE: CONTESTED MOTIONS IN
LIMINE - 1

A. **Plaintiff's Motions in Limine**

    1.    Plaintiff's Motion in Limine No. 1: "Exclusion of Irrelevant and Prejudicial Text Messages" is GRANTED.

    2.    Plaintiff's Motion in Limine No. 2: "Exclusion of Evidence re: Decision to Deny Commissions on Microsoft Contract" is DENIED.

    3.    Plaintiff's Motion in Limine No. 3: "Exclusion of Live Testimony from Simone Ruello" is GRANTED.

    4.    Plaintiff's Motion in Limine No. 4: "Exclusion of Evidence of Attorney Consultation" is DENIED.

B. **Defendant's Motions in Limine**

    1.    Defendant's Motion in Limine No. 1: "Testimony sought to be compelled by Plaintiff from Sprinklr's CEO Ragy Thomas and General Counsel Dan Haley" is DENIED without prejudice.

    2.    Defendant's Motion in Limine No. 2: "Evidence and argument relating to Sprinklr's investigation into claims of unfair treatment of Dries including the destruction of handwritten notes by Simone Ruello" is GRANTED in part and DENIED in part. Defendant's Motion in Limine No. 2 is GRANTED as to any evidence or argument relating to Sprinklr's investigation into Plaintiff's claims of unfair treatment, but DENIED as to any evidence pertaining to Plaintiff's unpaid compensation claims.

    3.    Defendant's Motion in Limine No. 3: "Evidence and argument referring to alleged 'harassment' of Plaintiff" is GRANTED.

4.  Defendant's Motion in Limine No. 4: "Evidence and argument that other former employees of Sprinklr were allegedly denied commissions, and any testimony from Brian Cheek, Frank Lobisser, and AJ Kreshock unless such testimony is offered as rebuttal evidence" is GRANTED.

5.  Defendant's Motion in Limine No. 5: "Evidence and argument relating to any former employee's discrimination allegations against Sprinklr, including allegations made by former employee John Szabo" is GRANTED.

6.  Defendant's Motion in Limine No. 6: "Evidence and argument relating to alleged damages to Plaintiff unless and until liability is found, and all evidence or argument that Plaintiff may recover exemplary damages at either the liability or damages phase of trial" is DENIED.

7.  Defendant's Motion in Limine No. 7: "Evidence and argument regarding Sprinklr's wealth, size, and geographical locations." is DENIED. However, the Court advises Plaintiff that any evidence or argument to be submitted at trial concerning Sprinklr's wealth, size, and geographical location must be relevant to Plaintiff's claims.

8.  Defendant's Motion in Limine No. 8: "Evidence and argument regarding compensation paid to employees of Sprinklr with the exception of Plaintiff" is DENIED.

Dated this 4th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge