UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH DRIES,

        Plaintiff,

   v.

SPRINKLR, INC., a Delaware Corporation,

        Defendant.

Case No. C20-47-MLP

ORDER

        Currently before the Court is Defendant's "Motion to Reconsider" ("Defendant's Motion"). (Dkt. # 137.) Defendant's Motion requests reconsideration of the Court's ruling excluding text messages between Plaintiff and his former co-workers at Sprinklr under Plaintiff's Motion in Limine No. 1: "Exclusion of Irrelevant and Prejudicial Text Messages". (*Id.* at 2.) Defendant's Motion additionally requests that the Court require Plaintiff to produce unobscured text messages that Defendant submits were not produced or corrected by Plaintiff during discovery. (*Id.*)

        Under Local Rule 7(h)(1), motions for reconsideration are disfavored in this district. Such motions will be granted only upon a "showing of manifest error in the prior ruling" or "new facts

ORDER - 1

or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." LCR 7(h)(1).

Here, Defendant has failed to demonstrate manifest error in the Court's prior ruling nor presented new facts or legal authority which could not have been brought to the Court's attention earlier through reasonable diligence. The arguments presented in Defendant's Motion were already brought to the Court's attention in Defendant's pleadings contesting Plaintiff's Motion in Limine No. 1 (dkt. # 103) and during oral argument at the final pretrial conference hearing (*see* dkt. # 130). Moreover, the Court did not find in its oral ruling on Plaintiff's Motion in Limine No. 1, that the excluded text messages were "highly probative." (*See* dkt. # 137 at 2.) To the contrary, the Court held at the hearing that the text messages were highly prejudicial but of limited relevance. (*See* dkt. # 130 (finding the text messages of questionable relevance).) Therefore, Defendant has not made either of the showings required by LCR 7(h)(1).

In addition, the Court declines to consider Defendant's request that Plaintiff produce any alleged unobscured text messages. The discovery deadline in this matter expired on October 23, 2020, and a timely discovery motion addressing Defendant's request was never brought concerning this issue. (Dkt. # 16.) Furthermore, Defendant's request is identical to a previous request made in a motion for sanctions that was later stricken by agreement of the parties. (*See* dkt. # 67 at 10-11; Dkt. # 85.)

Accordingly, Defendant's Motion (dkt. # 137) is DENIED. The Clerk is directed to send copies of this Order to the parties.

Dated this 9th day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 2