UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH DRIES,

    Plaintiff,

v.

SPRINKLR, INC., a Delaware corporation.,

    Defendant.

Case No. C20-47-MLP

ORDER

## I.     INTRODUCTION

This matter is before the Court on Plaintiff Joseph Dries' ("Plaintiff") "Motion for New Trial on Defendant's Violation of the Wage Statutes" (dkt. # 166) ("Plaintiff's New Trial Motion") and "Appeal of Costs Award under LCR 54(d)(4)" (dkt. # 195) ("Plaintiff's Appeal of Costs Motion") (collectively, "Plaintiff's Motions"). Defendant Sprinklr Inc. ("Defendant") opposes Plaintiff's Motions (dkt. ## 191, 196), and Plaintiff submitted replies (dkt. ## 194, 197)).

Having considered the parties' submissions, the balance of the record, and the governing law, the Court hereby ORDERS that Plaintiff's New Trial Motion is DENIED (dkt. # 166) and Plaintiff's Appeal of Costs Motion (dkt. # 195) is GRANTED, as explained further below.

ORDER - 1

## II. BACKGROUND

The parties are familiar with the facts in this case and this Court has previously laid out the background in detail in its Order on Defendant's Motion for Summary Judgment. (*See* Order (Dkt. # 61) at 2-7.) Plaintiff's remaining claims after summary judgment were: (1) wrongful discharge, in violation of public policy; and (2) violations of the Washington Wage Payment Act, RCW 49.48 ("WPA"), and Wage Rebate Act, RCW 49.52.050 ("WRA"). (*Id.* at 21.) A virtual jury trial commenced in this matter on Plaintiff's remaining claims on March 22, 2021, through March 30, 2021. (Dkt. ## 147, 150-152, 154, 157-158.) After six days of trial, the jury rendered a defense verdict (dkt. ## 160-161) and judgment was entered in favor of Defendant on all claims (dkt. # 165).

### A. Motion for a New Trial

Shortly before trial, on February 26, 2021, Defendant deposited $14,475.45 into Plaintiff's bank account as payment for alleged unpaid wages in connection with his "Managed by Objective" ("MBO") compensation for 2019. (Dkt. # 163, Trial Ex. 222; *see also* dkt. # 124, Ex. 4.) Plaintiff's MBO compensation formed the basis for one of his wage claims. From the $14,496.97 allegedly owed, Defendant deducted $5,760 for a draw balance, doubled the amount to account for an award of exemplary damages, and added 12 percent interest for a total of $20,650.69 before tax withholdings. (*Id.*) At trial, Plaintiff admitted Trial Exhibit 223, which demonstrated that on October 13, 2019, Sprinklr's General Counsel Dan Haley stated in a letter to Plaintiff's former counsel "$14,496.97 (consumption MBO) is owed by the Company to Mr. Dries." (Dkt. # 163, Trial Ex. 223.)

On March 31, 2021, Plaintiff filed his New Trial Motion. (Dkt. # 166.) Plaintiff argues a new trial on Plaintiff's WPA and WRA claims is warranted because Defendant paid Plaintiff for

unpaid wages on February 26, 2021, approximately 18 months after Plaintiff's employment with Defendant ended. (*Id.* at 1.)[1]

B.  **Appeal of Costs**

On April 20, 2021, Defendant filed its motion for an award of $27,625.52 in costs. (Dkt. # 176 at 4.) On May 14, 2021, the Clerk granted Defendant's motion, but disallowed $9,916.14 in costs, ultimately awarding $17,709.38 to Defendant. (Dkt. # 193 at 1.) On May 20, 2021, Plaintiff filed his Appeal of Costs Motion, requesting the Court to "modify the [C]lerk's taxation of costs and deny [Defendant'] request for costs." (Dkt. # 195 at 1.) On June 1, 2021, Defendant filed its opposition. (Dkt. # 196.) Plaintiff's Motions are now ripe for this Court's review.

### III.  DISCUSSION

A.  **Motion for a New Trial**

Under Federal Rule of Civil Procedure 59 "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). A trial court "enjoys broad discretion with regard to a new trial motion." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, (1980) ("The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court.")).

Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," the Court is "bound by those grounds that have been historically recognized." *Zhang v.*

---

[1] On April 2, 2021, Defendant filed a motion for relief from deadline to oppose Plaintiff's New Trial Motion because Defendant would be unable to receive the final trial transcripts from the trial court reporter to respond prior to Plaintiff's noting date. (Dkt. # 167 at 2.) This Court granted Defendant's request and re-noted the matter for the Court's consideration on May 14, 2021. (Dkt. # 173.) On April 28, 2021, the final trial transcripts were filed by the trial court reporter. (Dkt. ## 180-185.)

*Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). In addition, in assessing a Rule 59 motion, the Court is not required to view the trial evidence in the light most favorable to the verdict. *Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842 (9th Cir. 2014). "[T]he district court can weigh the evidence and assess the credibility of the witnesses" and "may sua sponte raise its own concerns about the damages verdict." *Id.* (citation omitted).

Plaintiff argues that by making the delayed wages payment to Plaintiff less than 30 days before trial, Defendant was attempting to moot its violation of the WRA and WPA, which provide for attorney's fees and costs in the event of a violation. (Dkt. # 166 at 2, 4-5.) Therefore, Plaintiff requests that the Court order a new trial on his wage claims because the jury's verdict is against the weight of the evidence and results in a miscarriage of justice. (*Id.* at 5.) Defendant counters Plaintiff was paid in full for any MBO wages he was arguably entitled to, including amounts to cover exemplary damages and interest. (Dkt. # 191 at 4-5; *see also* dkt. # 163, Trial Ex. 222.) Defendant additionally argues the evidence elicited at trial allowed the jury to reasonably conclude Plaintiff failed to prove he was entitled to any MBO compensation. (Dkt. # 191 at 5.)

Under the WPA, "[w]hen any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period[.]" RCW 49.48.010. The WRA provides, in relevant part, that an employer who, "[w]illfully and with

intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract . . . shall be guilty of a misdemeanor." RCW 49.52.050. The WRA further provides that the employer "shall be liable in a civil action by the aggrieved employee for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages' in addition to costs and attorney's fees. RCW 49.52.070.

Here, the Court concludes the jury's verdict is supported by the weight of the evidence and Plaintiff has not met his burden under Rule 59. At trial, Plaintiff admitted Trial Exhibit 222, an email from Diane Adams explaining $14,475.75 was deposited into his bank account as payment for unpaid wage compensation for his MBOs in 2019. (Dkt. # 181 at 99-100.) Plaintiff subsequently offered Trial Exhibit 223, Mr. Haley's letter to Plaintiff's former counsel, to demonstrate Defendant acknowledged at least $14,496.97 in MBO compensation was owed after his termination. (Dkt. # 181 at 101-104; dkt. # 163, Trial Ex. 222.) Plaintiff later testified he believed he was entitled to $24,000.00 in MBO compensation per quarter, for Q1 and Q2 of 2019, on the basis it was either a fixed piece of his compensation plan or because he met the applicable performance standards necessary for that amount. (*See* dkt. # 181 at 123-124, 141-43; *see also* dkt. # 163, Trial Ex. 29.) Ultimately, Plaintiff sought $33,503.03 for his MBO compensation at trial. (Dkt. ## 181 at 124; 185 at 158, 166.)

Plaintiff's assertion he was entitled to $24,000.00 per quarter in MBO compensation was at least partially premised on him attaining his MBOs in his compensation plan—including his ability to meet Defendant's performance targets on "New Business Meetings, Champions, and Consumption." (*See* dkt # 180 at 184-85; dkt. # 163, Trial Ex. 29.) However, the evidence produced at trial demonstrated Plaintiff was not entitled to a fixed amount for his MBO

compensation and that he failed to attain any of his MBOs for Q1 2019 and only partially attained his MBOs for Q2 2019. (*See* dkt. # 182 at 93-107, 115-16; dkt. # 163, Trial Ex. 325; *see also* dkt. # 124, Exs. 2-3.) Furthermore, Paul Ohls and Joe Eskenazi testified Plaintiff failed to fully attain his MBOs. (Dkt. # 183 at 120-23; Dkt. # 184 at 101-04, 131-34.) The jury was also apprised throughout trial of Defendant's calculations that Plaintiff, at most, was owed $14,496.97 based on his partial attainment of his MBOs. (*See* dkt. ## 182 at 222-23; 183 at 15-26, 73-74.)

As such, the Court finds the jury appropriately weighed the MBO compensation evidence in determining the question submitted of whether Defendant failed to pay him wages separate and apart from a commission owed on a sale to Microsoft and reasonably concluded Defendant did not. (*See* dkt. # 161 at 3.) The Court finds there is no evidence in the record that warrants the Court disturbing the jury's verdict or substituting its own judgment for that of the jury in this instance. Therefore, Plaintiff's New Trial Motion (dkt. # 166) is denied.

### B. Appeal of Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—shall be allowed to the prevailing party." Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party. *Miles v. State of Cal.*, 320 F.3d 986, 988 (9th Cir. 2003). This presumption is so strong that a court "need not give affirmative reasons for awarding costs" to the prevailing party in rendering its decision. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). The taxation of costs by the Clerk shall be final, unless modified on appeal. Local Civil Rule 54(d)(4).

Under Rule 54(d), the Court has the discretion to refuse to award costs to a prevailing party. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). Appropriate reasons for denying costs include: (1) the substantial public importance of the case; (2) the closeness and difficulty of the issues in the case; (3) the chilling effect on future similar actions; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties. *Id.* (citing *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014)). All five factors need not weigh against imposing costs for the court to deny a motion. *Id.*

If the court denies an award of costs, it must "give reasons" for that decision. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (en banc). The plaintiff maintains the burden to prove his limited financial resources. *See Bancroft v. Minnesota Life Ins. Co.*, 2018 WL 5325659, at *4 (W.D. Wash. Oct. 26, 2018) (citing *Mam v. City of Fullerton*, 2014 WL 12573550, at *1 (C.D. Cal. July 24, 2014) ("The losing party has the burden of showing why costs should not be awarded.")); *see also Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015) ("The burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses.").

Plaintiff argues that a denial of an award of costs in this matter is appropriate because: (1) an award of costs will render Plaintiff indigent; (2) Defendant is a multi-billion dollar company whose defense was insurance-funded; and (3) an award of costs will have a chilling effect on employees who believe their wages have been wrongly managed by their employer. (Dkt. # 195 at 1.) Defendant argues that the Clerk's award of costs should be affirmed because "this case has little public importance, the issues were not close, the only litigants who might be deterred are

those who pursue meritless claims, and the economic disparity between the parties does not warrant denial of costs." (Dkt. # 196 at 2.)

Here, the Court finds that the weight of the *Escriba* factors warrants a denial of an award of costs. First, the Court finds the first and second factors—the substantial public importance of the case and closeness and difficulty of the case—do not weigh heavily either way. However, the Court concludes the third, fourth, and fifth factors weigh in favor of the denial of an award of costs.

Under the third factor, the Court finds that allowing an award of costs to Defendant in this matter could chill future employment actions based on allegations of withheld wages. The comprehensive scheme governing wages evidences Washington's "strong policy in favor of payment of wages due to employees." *See, e.g., Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.*, 139 Wash.2d 824, 830 (2000) (quoting *Schilling v. Radio Holdings, Inc.*, 136 Wash.2d 152, 157-58 (1998)). As a result of Plaintiff pursing this litigation, Defendant eventually paid Plaintiff wages owed as a result of his MBO compensation. (*See* dkt. # 163, Trial Ex. 222.) Consequently, an award of costs to Defendant in this instance would serve to deter future plaintiffs from pursing potentially valid wage claims against their employers. *See Escriba*, 743 F.3d at 1249; *see also Simmons v. Safeway, Inc.*, 2019 WL 4849526, at *1 (W.D. Wash. Oct. 1, 2019) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593) (finding an award of costs to the employer in an employment discrimination case could discourage "potential plaintiffs from bringing such cases at all.").

Next, under the fourth factor, it is clear an award of costs in this matter will potentially render Plaintiff indigent based on the evidence submitted in the record. Per Plaintiff's declaration, Plaintiff has faced significant financial challenges since the end of his employment

ORDER - 8

with Defendant. (Dries Decl. (Dkt. # 188) at ¶ 2.) Specifically, Plaintiff submits he has yet to secure new employment, that his mortgage is behind and his home is in danger of foreclosure, his children potentially face being removed from their current school, and that he is subject to a collection action of approximately $40,000.00 from American Express after defaulting a credit card he used to cover living expenses since becoming unemployed. (*Id.* at ¶¶ 3-4; *see* dkt. # 195 at 5.) In addition, Plaintiff testified at trial as to his financial difficulties since his employment with Defendant ended. (*See* dkt. # 181 at 101, 108-09, 124-25.) The Court therefore finds Plaintiff has carried his burden to demonstrate he is of limited financial resources and that an award of costs against him would render him indigent. *See Escriba*, 743 F.3d at 1248 ("[c]osts are properly denied when a plaintiff would be rendered indigent should [he] be forced to pay the amount assessed.") (internal quotations and citation omitted); *Ismail v. Amazon.com*, 2018 WL 3135841, at *1 (W.D. Wash. June 27, 2018) (denying an award of costs under the *Escriba* factors where: (1) plaintiff remained unemployed; (2) a vast economic disparity existed between the parties; and (3) due to the potential chilling effect on future employment actions); *see also Anderson v. Baseball Club of Seattle*, 2011 WL 13234305, at *2 (W.D. Wash. July 20, 2011) ("A finding of indigence is not required: the court may consider simply whether the non-prevailing party has limited resources.") (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593).

Finally, under the fifth factor, the Court finds there is a significant economic disparity between the parties. As detailed above, Plaintiff represents he and his family are in significant financial distress because he has remained unemployed for almost two years while this litigation took course. (*See* Dries Decl. at ¶¶ 2-4.) Conversely, Defendant had an estimated valuation of $2.7 billion at the time of trial, with a scale of 1,900 employees in 25 offices across 16 different

ORDER - 9

countries. (*See* Rullman Decl. (Dkt. # 187) at ¶ 2.) As such, the Court finds this factor additionally weighs in favor of denying an award of costs. *See Draper*, 836 F.3d at 1089.

In conclusion, the Court grants Plaintiff's Appeal of Costs Motion and vacates the Clerk's award of costs to Defendant.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that Plaintiff's New Trial Motion (dkt. # 166) is DENIED. The Court further ORDERS that Plaintiff's Appeal of Costs Motion (dkt. # 195) is GRANTED, and that the Clerk's award of costs to Defendant (dkt. # 193) is VACATED. The Clerk is directed to send copies of this Order to the parties.

Dated this 24th day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge